Lam QUY, et al.

v.

AIR AMERICA, INC., Appellant.

No. 80-2327.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 16, 1981.

Decided Oct. 20, 1981.

See also, 605 F.2d 572.

Lawrence Mentz, New York City, with whom Thomas J. Whalen and Moffett B. Roller, Condon & Forsyth, Washington, D. C., were on the brief for appellant.

Harriette K. Dorsen, New York City, with whom Robert X. Perry, Jr., Washington, D. C., and John C. Lankenau, New York City, were on brief for appellees.

Before BAZELON, Senior Circuit Judge, and TAMM and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This action is an appeal from an Order Approving Additional Costs, dated September 22, 1980, issued by the District Court in favor of plaintiffs (appellees). Appendix ("App.") 110a. The disputed costs were awarded after appellees had prevailed in an action for wrongful death which resulted in a jury verdict and judgment in the amount of $392,300.00.

1. The Order Approving Additional Costs reads as follows (App. 110a–111a):

> This was an unusual death case. It arose by virtue of an airplane-helicopter collision in Vietnam unrelated to war activity. The widow and seven surviving children were still in Vietnam at the time of trial. All of the witnesses who testified were brought from distant parts of the United States.
>
> A practicing Vietnamese lawyer qualified as an expert on the law which was complex. It involved consideration of the French law which prevailed prior to Vietnam's overthrow of the French government; consideration of the Warsaw Convention and its applicability or lack of it to the instant case; right of survivorship of next of kin under Vietnamese law; and other complex legal considerations.
>
> Application for review of costs was made to this Court by the successful plaintiffs after the clerk had disallowed the majority of the costs claimed. After consideration of the plaintiffs' petition, defendant's objections thereto and plaintiffs' reply, the Court makes the following findings:
>
> 1. Plaintiffs are entitled to clerk fees. $10.00
> 2. Plaintiffs are entitled to costs of pretrial transcripts. 850.02
> 3. Depositions not utilized in trial are disallowed.
> 4. Plaintiffs are entitled to expert on Vietnamese law (as necessary to the Court as well as to both counsel). 3,674.00

Although the Order Approving Additional Costs allowed six cost items, in a sum of $6,510.92,[1] appellant here challenges only three of those items:

(1) The allowance of $588.00 for witness fees, transportation, and subsistence for one of appellees' witnesses who was flown in from California but was never called to testify at trial.

(2) The allowance of $412.50 for translation costs.

(3) The allowance of a special fee of $2,425.00 for appellees' expert witness on Vietnamese law.[2]

For the reasons set forth in this opinion, we affirm the judgment of the District Court awarding costs for the first two items noted above; however, we reverse and remand that portion of the District Court's

> 5. Plaintiffs are entitled to costs of attendance of witnesses at trial as requested except for subsistence allowance of $50.-00 for Gerald Badberg whose mileage allowance of $12.00 (or $6.00 one way) would indicate he could have returned home. 1,424.40
> 6. Plaintiffs are entitled to cost of duplication of Vietnamese law utilized in the case. Clerk's allowance is deemed fair. (Copies of pretrial papers are a lawyer's cost and are accordingly disallowed). 100.00
> 7. Plaintiffs are entitled to translation costs for all items utilized in Court. 452.50
>
> Total Costs Allowance $6,510.92

2. The District Court allowed a total of $3,674.00 for "expert witnesses," as follows: $2,425.00 for the fee paid to Nguyen Quoc Dai (appellees' expert on Vietnamese law); $474.00 for the travel of Nguyen Quoc Dai; $50.00 per diem for Nguyen Quoc Dai; $325.00 in translation fees paid to Nguyen Quoc Dai for translation of Vietnamese law materials; and $400.00 for a fee paid to Ordway Hilton to authenticate the signature of Lam Quy. App. 63a. Only the $2,425.00 cost item (for the fee paid to Nguyen Quoc Dai) is here challenged by appellant. In particular, appellant asserts that "a district court has no authority to tax costs for compensation to expert witnesses in excess of the statutory per diem, mileage and subsistence allowance provided by 28 U.S.C. § 1821." Appellant's Brief at 7.

judgment relating to costs allowed for fees paid to the "expert witness."

## I. BACKGROUND

The original suit in this case was an action for wrongful death brought by Lam Quy and her children for damages attributable to the death of To Huu, plaintiff's husband and father. To Huu was fatally injured in an airline crash, occurring in Can Tho, South Vietnam, on March 17, 1971, while a passenger on an aircraft owned and operated by defendant, Air America. The suit against Air America was filed on March 14, 1974, and the case was subsequently tried before a jury and the Honorable June L. Green in December of 1978. After approximately seven days of trial, the jury returned a verdict in favor of each plaintiff in the aggregate amount of $392,-000.00. Judgment in this amount was entered on December 21, 1978.[3]

On June 5, 1980, appellees, by their counsel, submitted a Bill of Costs in the amount of $8,707.15. App. 3a. On July 1, 1980, the Clerk of the United States District Court for the District of Columbia allowed only $917.30 in costs, disallowing, among other items, (1) the claim for airfare for William Stanley (plaintiffs' witness from California who appeared but did not testify at trial), (2) the claim for translation expenses, and (3) the claim for "fees of expert witnesses." App. 3a–4a. On July 14, 1980, appellees submitted a Motion for Costs, requesting Judge Green "to review the action of the Clerk . . . in granting only a part of the bill of costs submitted in this action." App. 68a. Following the submission of written arguments by each side, Judge Green issued the Order Approving Additional Costs, dat-ed September 23, 1980 and filed September 25, 1980. App. 110a–111a. See note 1 supra.

In order to make clear the bases of appellees' claim for costs, the facts surrounding each of the three disputed cost items are outlined below.

1. *Costs Awarded for a Plaintiffs' Witness Who Appeared but Did Not Testify At Trial*

Shortly after the air crash, William Stanley, who was then serving with the United States Army, investigated the cause of the accident. During the course of his investigations, Mr. Stanley also prepared a version of the control tower tape transcript recorded at the site of the crash. During pretrial discovery, the deposition of Mr. Stanley was taken in California. The parties later stipulated that the deposition testimony given by Mr. Stanley would be admissible at trial.

Appellees' counsel, thinking that Mr. Stanley's live testimony might be necessary to prove important facts not covered by other witnesses,[4] flew Mr. Stanley from California to Washington, D. C. to testify at trial. Mr. Stanley stayed overnight in Washington, D. C. for two days. As it turned out, however, plaintiffs' counsel determined during trial that their proofs were adequate without the testimony of Mr. Stanley. Therefore, plaintiffs' counsel decided against calling Mr. Stanley as a witness.

2. *Costs Awarded for Translation Expenses*

About four years after commencement of the wrongful death action in District Court,

---

**3.** Following verdict and judgment in favor of appellees, Air America moved for a judgment notwithstanding the verdict or, alternatively, for a new trial. This motion was denied in an order filed by Judge Green on January 17, 1979. Subsequently, on September 26, 1979, this court affirmed, without opinion, the judgment of the District Court in the wrongful death action. *Lam Quy v. Air America, Inc.*, 605 F.2d 572 (D.C. Cir. 1979).

**4.** Appellees argue, without significant refutation from appellant, that:

> As the record makes clear Mr. Stanley was central to the investigation of the air crash which gave rise to plaintiffs' action. He was the Army investigator who prepared the control tower transcript, a critical piece of evidence in plaintiffs' case since the aircraft involved in the accident were both destroyed and no other direct evidence of what had happened to cause the crash was available. (A. 42a). Accordingly, it was reasonably anticipated by plaintiffs' counsel that Stanley's testimony would be relevant and important to plaintiffs' proof on liability at trial.
> Appellees' Brief at 11–12.

appellant's counsel went to Saigon, Vietnam and took the depositions of plaintiff Lam Quy and of Luu Quan Kiet, the employer of plaintiffs' decedent. Both Lam Quy and the employer testified in Vietnamese and an interpreter sequentially translated their testimony into English. Because no suitable court reporters were available in Vietnam, the testimony in Vietnamese and the English translations were recorded on a cassette tape. Appellant's counsel subsequently provided appellees' counsel with a copy of the tape and a transcript of the English translation.

When appellees' counsel reviewed the English transcript, they discovered several blank and garbled portions. Appellees' counsel thereafter retained the original translator, who was then living in the same city as appellees' counsel, to review the tape, fill in gaps in the transcript and correct the unintelligible sentences. Appellees' counsel read the corrected transcript into evidence at the trial.

3. *Costs Awarded for the Special Fee Paid to Nguyen Quoc Dai, Plaintiffs' "Expert Witness" On Vietnamese Law*[5]

At a hearing before Judge Green on October 24, 1978, the parties' counsel were advised that a pretrial conference would be held on November 20, 1978, and that trial would commence on December 12, 1978. Trial Transcript ("Tr.") 10 (October 24, 1978). Counsel were also advised to submit "pretrial statements" before trial. *Id.*

Subsequently, appellees submitted a Pretrial Statement, dated November 17, 1978. "Plaintiffs' Pretrial Statement," *reprinted in* Supplemental Record on Appeal. Although the Plaintiffs' Pretrial Statement included a "Witness List," plaintiffs did not designate their expert on Vietnamese law as one of the witnesses who might be called to testify at trial. *Id.* at 15–16. Rather, Plaintiffs' Pretrial Statement simply noted that:

> The law of Vietnam applies to issues of liability and damages in this action. The court is referred to the accompanying affidavit of Nguyen Quoc Dai, an expert on the law of Vietnam, for a discussion of the relevant Vietnamese legal authority on the issues of liability and damages. Plaintiffs respectfully request a ruling by the court on the Vietnamese law before trial so that appropriate jury instructions can be formulated two days before trial as ordered by the court in the order dated November 9, 1978.

*Id.* at 16.[6]

Prior to the commencement of trial, Judge Green had two pretrial conferences with appellant's and appellees' counsel. These pretrial conferences apparently occurred on November 20, 1978 and November 27, 1978; however, there is no official record of any formal action taken by the District Court at either of the pretrial conferences.[7]

---

**5.** The parties agree that "the law of South Vietnam governed the issues of liability and damages" in the wrongful death action. Appellant's Brief at 6; *see also* "Plaintiffs' Pretrial Statement" at 16, *reprinted in* Supplemental Record on Appeal. Therefore, it is not surprising that both sides submitted evidence on Vietnamese law during the course of the proceedings before Judge Green.

**6.** The "Pretrial Statement of Defendant," *reprinted in* Supplemental Record on Appeal, listed Phoung-Khanh Nguyen as a potential witness who might "testify as an expert . . . on Vietnamese law." *Id.* at 4.

**7.** The most detailed reference to the pretrial conferences is found in a letter dated May 15, 1979, from appellees' counsel to Mr. Pat Shar-

key in the Chambers of Judge Green, requesting:

> that any order entered by Judge Green reflect the fact that all of these documents requested [various pieces of correspondence between counsel, pretrial statements, supplemental pretrial statements, and plaintiffs' exhibit list] were exchanged pursuant to the direction of the Court at two pre-trial conferences held on November 20, 1978 and November 27, 1978, and that Judge Green had ordered the parties to provide each other with the substance of all experts' reports by December 1, 1978 at the second pre-trial conference. Without an order reflecting these facts, the record before the Court of Appeals would be incomplete . . . .

By Order dated May 17, 1979, Judge Green instructed the Clerk of the District Court to

During the morning of December 12, 1978, just before the start of the jury trial, Judge Green held a hearing to allow the parties to present evidence and arguments on Vietnamese law. The record indicates that appellees' witness, Nguyen Quoc Dai, testified as a concededly qualified "legal expert" on Vietnamese law. Tr. 5–55 (December 12, 1978). At the conclusion of the testimony of Nguyen Quoc Dai, the following exchange took place between Judge Green and counsel:

> MR. LANKENAU [Plaintiffs' counsel]: Your Honor, I rest in my proof of the law of Vietnam on the testimony of this witness and the exhibits introduced during the course of his testimony.
>
> MR. WHALEN [Defendant's counsel]: Your Honor?
>
> THE COURT: Mr. Whalen?
>
> MR. WHALEN: I am resting on the affidavit which has been submitted to the Court, Mr. Phu.
>
> And my position is that Your Honor can take into consideration, in your determination of foreign law, exhibits, affidavits, and live witnesses, and I am relying on his affidavit as well as my cross-examination of the plaintiffs' expert.
>
> THE COURT: Well, there were a number of things in your man's affidavit that the Court had many questions about and without his presence here to be able to lay those to rest, I would not be able to give it very much consideration.

*Id.* at 55.

There is nothing in the record to indicate that Judge Green "ordered" or otherwise required the testimony of Nguyen Quoc Dai, as is suggested by appellees on this appeal. Rather, it appears that the Trial Judge simply conducted a brief pretrial hearing to receive evidence and arguments on Vietnamese law. At this hearing, plaintiffs chose to present an expert witness, while defendant chose to rely on the cross-examination of plaintiffs' expert and the affidavits previously submitted by the parties.[8]

## II. ALLOWANCE OF COSTS FOR A WITNESS WHO APPEARS BUT IS NOT CALLED TO TESTIFY AT TRIAL

■ Appellant contends that "it was improper for the court below to award attendance fees for Mr. Stanley, who did not testify at trial and whose deposition was admissible at trial." Appellant's Brief at 11. On the record in this case, we reject this contention. Instead, we find that the action of the District Court was plainly within the compass of 28 U.S.C. § 1821 (Supp. II 1978); therefore, we affirm the judgment of Judge Green awarding costs for the fees, travel and subsistence of Mr. Stanley.

The statutory authority for the award of costs for a witness such as Mr. Stanley, who appears but is not called to testify at trial, is found in 28 U.S.C. §§ 1821(a)(1), 1821(b), 1821(c)(1), 1821(c)(4), 1821(d)(1) & 1821(d)(2) (Supp. II 1978):

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> . . . .
>
> (b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the

---

transmit the documents identified in appellees' counsel's letter as a supplemental record on appeal. One of the documents transmitted was the May 15, 1979 letter to Mr. Pat Sharkey. All of the aforecited documents are reprinted in the Supplemental Record on Appeal.

**8.** In her Order Approving Additional Costs, Judge Green noted that plaintiffs' expert had been "necessary to the Court as well as to both counsel." App. 110a. There is nothing, however, to indicate that plaintiffs' expert was ordered or required to testify, or that plaintiff sought and received prior approval from the court to submit the testimony of a specially qualified "expert witness," or that the court had no other feasible means of securing the information given through the testimony of Nguyen Quoc Dai.

attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

. . . .

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

Under these provisions, which refer to "a witness in attendance at any court," it is plain that the District Court possessed the authority to award costs attributable to Mr. Stanley's attendance fee, travel expenses and subsistence.

Appellant makes no reference to 28 U.S.C. § 1821 in its brief to this court. Rather, primary reliance is placed on an isolated passage from 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2678, at 230 (1973) (footnote omitted), which reads as follows:

> Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that he was not a necessary witness . . . .

However, it is noteworthy that the remainder of the paragraph in Wright & Miller, adds:

> But this is no more than a presumption and it can be overcome if it appears that a court order or some other extrinsic circumstance rendered his testimony unnecessary. Thus, fees have been allowed when an arrangement with the opposing counsel and concessions made in open court ended the need for the witness' testimony. One court has held that costs could be recovered when counsel refrained from calling the witness because of a desire to avoid consuming further time.

*Id.* at 230–31 (footnotes omitted). The controlling principle implicit in the cited passages from Wright & Miller is that failure to testify does not automatically defeat a claim for costs for an attending witness.

■ We believe that 28 U.S.C. § 1821 (Supp. II 1978), when read in conjunction with Fed.R.Civ.P. 54(d),[9] leaves it to the sound discretion of the District Court to determine when costs should be awarded for witnesses who are not used at trial. On this point, we agree with the decision in *United States v. Lynd*, 334 F.2d 13 (5th Cir. 1964), where it was held that:

> [I]t would not seem consistent with the exercise of any wise or equitable discretion to disallow attendance fees of such witnesses [who are summoned but not called to testify] merely because during the course of the trial a good faith deter-

---

9. Rule 54(d) reads as follows:

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

mination was made, presumably in order to avoid delay, unnecessary inconvenience to the Court and parties, and other substantial expenses incident to prolonging the trial, that they need not be used because their testimony would only have been repetitious and cumulative of a case already sufficiently proved. The better reasoned rule and policy in such instances would appear broad enough to warrant taxation of reasonable fees of such witnesses, as necessary in order to minimize such delay, inconvenience and unnecessary trial expenses, while at the same time granting counsel, as officers of the Court, a desirable degree of latitude and discretion in deciding which and how many witnesses must necessarily be subpoenaed or otherwise made available at the hearing, in the event they are needed in order to prove the essential facts in the case.

*Id.* at 16.

In the instant case, it appears that appellees' counsel made a good faith and reasonable judgment to call Mr. Stanley to be available to testify. Mr. Stanley was an important witness on the question of liability and, therefore, it was not unreasonable for appellees to have assumed that he would be required to testify at trial. Furthermore, the availability of Mr. Stanley's deposition did not render him unnecessary as a witness. Depending upon how the trial progressed, there were a number of significant questions that could have arisen that Mr. Stanley could have been called upon to answer.

Appellant's hindsight appraisal of the need for Mr. Stanley at trial misses the mark. The issue is not whether Mr. Stanley was in fact called to testify, but whether appellees' counsel made a good faith and reasonable judgment about the need for Mr. Stanley at trial. The District Court Judge, who has a first-hand view of the trial situation, is the one best suited to make this determination. We can find no good reason to second-guess the judgment of Judge Green in this case.

Because the judgment of the District Court was authorized by 28 U.S.C. § 1821, and because we can find no abuse of discretion, we affirm the order of Judge Green awarding costs for the fees, travel and subsistence of Mr. Stanley.

### III. ALLOWANCE OF COSTS FOR TRANSLATION EXPENSES

■ As to the second cost item in dispute, appellant contends that "it was improper for the court below to tax costs of $412.50 for translation expenses, as these charges did not represent translation services." Appellant's Brief at 13. We find this contention to be wholly untenable. On the record at hand, we find that the action of the District Court was explicitly authorized by 28 U.S.C. § 1920(6) (Supp. II 1978); we therefore affirm the judgment of Judge Green awarding costs for translation expenses.

Section 1920(6) states that:

A judge or clerk of any court of the United States may tax as costs the following:

. . . .

(6) Compensation of court appointed experts, *compensation of interpreters,* and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

(emphasis added). Under this provision, the District Court was authorized to award costs for the Vietnamese-to-English translations of plaintiffs' depositions introduced at trial. Appellant does not dispute the point that translation costs are allowable; rather, appellant argues that "it was totally unnecessary for Mr. Hai [the translator] to 'translate' the English which was already on the recording [that had been furnished to appellees' counsel]." Appellant's Brief at 14. In effect, appellant maintains that the work done by Mr. Hai for appellees "was clearly not a translating service." *Id.*

We think that whatever dispute there may have been with respect to the nature of the work performed by Mr. Hai was properly resolved by Judge Green. The record reveals that Mr. Hai was retained to

review the translation tape in order to fill in gaps in the transcript and correct unintelligible sentences. Although Mr. Hai did no translating during trial, his work involved translations of the deposition testimony of the plaintiff, Lam Quy, whose deposition was introduced in lieu of her live appearance at trial.

In light of these facts, we find that the judgment of the District Court is not subject to challenge; the work done by Mr. Hai could properly be construed to be the work of an "interpreter" for which costs could be awarded under 28 U.S.C. § 1920(6) (Supp. II 1978). Since we find that the determinations of the District Court were neither clearly erroneous, nor an abuse of discretion, nor contrary to any law, we affirm the judgment in favor of appellees.

## IV. ALLOWANCE OF COSTS FOR "EXPERT WITNESS" FEES

On the last point in issue, appellant contends that "the District Court had no authority to tax costs for compensation of plaintiffs' expert witness in excess of the statutory per diem, mileage and subsistence allowances." Appellant's Brief at 7. Because we are in substantial agreement with appellant's position on this point, we reverse and remand for a recalculation by the District Court of the costs to be awarded for the fees paid to appellees' expert on Vietnamese law.[10]

This court has never squarely considered the question of whether costs incurred for expert witness fees are recoverable if in excess of the amounts set forth in 28 U.S.C. § 1821(b) (Supp. II 1978). In *Postow v. OBA Federal Savings & Loan Association*, 627 F.2d 1370, 1388 n.38 (D.C. Cir. 1980), the court noted that it could "find no abuse of discretion" in a District Court decision disallowing costs for expert witness fees where "there were less expensive alternatives" that could have been utilized to present the evidence given by the expert. The District Court opinion in *Postow* had noted that:

> Generally, costs for expert witnesses are limited to the statutory fee for witnesses rather than the actual fees charged by the witness.... An exception is sometimes made when the proponent of the expert witness has secured the prior approval of the Court.

*Postow v. Oriental Building Association*, 455 F.Supp. 781, 792 (D.D.C.1978). However, this court had no occasion to pass upon the validity of the stated "exception" because we found that the disputed costs had been properly disallowed.

■ Confronting the question head-on, as we do here, we hold that, except possibly in a case involving "exceptional circumstances,"[11] allowable witness costs must be limited pursuant to 28 U.S.C. § 1821 (Supp. II 1978). We recognize that at least one circuit has expressly adopted a different rule with respect to costs allowable for fees paid to expert witnesses;[12] however, we find that the prevailing view among the circuits is consistent with the holding that we announce here today.[13] We are persuaded to

---

**10.** There is no dispute that appellees were entitled to costs, as prescribed in 28 U.S.C. § 1821 (Supp. II 1978), for the travel and subsistence expenses of Nguyen Quoc Dai, their expert witness on Vietnamese law. The only dispute here concerns the *amount* of costs due for "fees" paid to Nguyen Quoc Dai.

**11.** See *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 1981–2 Trade Reg.REp. (CCH) ¶ 64,204, at 73,742 n.14 (7th Cir. 1981). By way of illustration only, we think that "exceptional circumstances" might arise if the District Court approves in advance, or requires, the testimony of a specially qualified expert witness who will furnish information or evidence not otherwise reasonably accessible to the court and whose

appearance is determined to be critically important to the resolution of the case.

**12.** See *Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201, 206 (3d Cir. 1981) ("district court [has] equitable discretion to award expert fees when the expert's testimony is indispensable to determination of the case ... [or] when the expert's testimony 'played a crucial role in the resolution of the issues presented' ...."). *See also Welsch v. Likins*, 68 F.R.D. 589 (D.Minn.), aff'd per curiam, 525 F.2d 987 (8th Cir. 1975).

**13.** See, e.g., *Bosse v. Litton Unit Handling Sys.*, 646 F.2d 689, 695 (1st Cir. 1981); *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 1981–2 Trade Reg.Rep. (CCH) ¶ 64,204 (7th Cir. 1981);

follow the majority view because it is plainly more faithful to the explicit statutory mandates covering the award of costs for witness fees.

The Supreme Court has never had occasion to construe the current versions of 28 U.S.C. § 1821 and 28 U.S.C. § 1920; however, the decision of the Court in *Henkel v. Chicago, St. Paul, Minn. & Omaha Ry.*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), construing the statutory predecessor of 28 U.S.C. § 1821, gives significant guidance on the question here at issue.

In *Henkel*, the Court rejected a claim for fees for expert witnesses who had testified at trial, holding that:

[W]hen the Congress has prescribed the amount to be allowed as costs, its enactment controls. . . .

Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799. . . . The statute now applicable is the Act of April 26, 1926 [the predecessor of 28 U.S.C. § 1821]. . . . Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts.

*Id.* 284 U.S. at 446, 52 S.Ct. at 224.[14] The decision in *Henkel* added the following telling point:

The Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses. Its

legislation must be deemed controlling and excludes the application in the federal courts of any different state practice.

*Id.* at 447, 52 S.Ct. at 225.

■ Given the decision in *Henkel* and the explicit provisions in Fed.R.Civ.P. 54(d), 28 U.S.C. § 1920 and 28 U.S.C. § 1821, we can find no basis in this case for an award of costs based upon a special fee (over and above the statutory allowance) for an expert witness. The reasons for our holding are succinctly stated in *Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 1981–2 Trade Reg.Rep. (CCH) ¶ 64,204, at 73,741–42 (7th Cir. 1981), as follows:

Rule 54(d) of the Federal Rules of Civil Procedure grants the district court, in the absence of other statutory authority, discretionary authority to award costs to the prevailing party. But not all expenses incurred by a party in connection with a lawsuit constitute recoverable costs. Indeed, major expenses such as attorneys' fees, investigatory services, and most travel and subsistence expenses generally are not recoverable "costs". *See* 6 *Moore's Federal Practice* ¶ 54.70[1] at 1301–02; *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216–18 (7th Cir. 1975). Courts are to award, except in limited exceptional situations, only those expenses specifically recognized by statute. *See* 6 *Moore's Federal Practice* ¶ 54.77[1] at 1701–02.

*Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir.) *(en banc), cert. granted sub nom. Ledbetter v. Jones*, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970 (1981), *cert. limited to one issue*, 453 U.S. 911, 101 S.Ct. 3141, 69 L.Ed.2d 993 (1981), *cert. dismissed*, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981).

14. In a later case the Supreme Court, in *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), recognized that a district court retains limited discretion under Rule 54(d) to award as costs of suit expenses not specifically allowed by statute. The Court stated, however, that all requests for costs should be given "careful scrutiny" and that "the discretion given district judges to tax costs should be sparingly exercised with refer-

ence to expenses not specifically allowed by statute." *Id.* at 235, 85 S.Ct. at 416.

Unlike *Henkel*, the *Farmer* case did not involve a dispute over fees for expert witnesses. Rather, *Farmer* concerned a claim that costs could not be awarded for a witness' travel expenses beyond 100 miles because, under Rule 45(e) of the Federal Rules of Civil Procedure, the court's subpoena power was limited by a 100-mile rule. Most courts now recognize that restrictions on their subpoena power are no barrier to taxing as costs the travel expenses of a prevailing party's witness who appears from beyond the court's reach. *See generally* 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2678 at 231–234 and cases cited in n.42 (1973).

Courts applying Rule 54(d) look first to the general taxation of costs statute, 28 U.S.C. § 1920. *Wahl*, 511 F.2d at 215. Among the expenses allowable under § 1920 are "[f]ees and disbursements for . . . witnesses." The majority of courts interpreting the provision for witness fees in § 1920 . . . hold that recovery of fees paid to expert witnesses is limited to the statutory costs specified in 28 U.S.C. § 1821. . . .

We believe that limiting witness costs to those specified in 28 U.S.C. § 1821 is the correct approach. Congress stated in § 1920 that costs of suit include fees and disbursements for witnesses. Congress also enacted § 1821, which specifies allowable fees and disbursements for witnesses. In enacting this statutory scheme, Congress made no special provision for a private party's witnesses who are classified as expert witnesses. But Congress did specify that costs include the expense of court-appointed expert witnesses. 28 U.S.C. § 1920(6). We conclude that the congressional silence regarding privately retained expert witnesses means that expenses incurred by private parties to retain expert witnesses are recoverable as costs under § 1920 only to the extent specified in § 1821. We confirm, therefore, that under Rule 54(d) and 28 U.S.C. § 1920 a party may recover as costs of suit for expert witnesses only the amounts specified in 28 U.S.C. § 1821.

(footnotes omitted). Because we find the opinion in *Illinois v. Sangamo Construction Co.* to be unassailable on the points noted, we embrace the holdings of the Seventh Circuit with respect to allowable cost awards for expert witnesses.

In the instant case, appellees have maintained that their expert witness on Vietnamese law testified at the direction of Judge Green. Appellants deny this claim and we can find no evidence in the record to support appellees' assertion. *See* notes 7 and 8 *supra,* and accompanying text.

Furthermore, although Judge Green did find that appellees' expert was "necessary," *see* note 8 *supra,* there is nothing in the District Court's Order Approving Additional Costs to justify a finding of "exceptional circumstances." *See* note 11 *supra.* It may be true that the *information* furnished by appellees' expert was necessary to the ultimate resolution of certain legal issues; however the record is devoid of anything to suggest that the *information* given in the testimony of the expert was not otherwise reasonably accessible to the court and the parties.[15] There is certainly nothing to indicate that Nguyen Quoc Dai, the particular witness in question (as distinguished from the information that he furnished), was somehow indispensable to the court.

For all of the foregoing reasons, we reverse the judgment of the District Court on the claim for costs for fees paid to the expert witness. The recovery of fees paid to the expert witness in this case is limited to the statutory cost amounts specified in 28 U.S.C. § 1821 (Supp. II 1978). We shall therefore remand to allow the District Court to recalculate the appropriate cost amount due on this item.

## V. CONCLUSION

We affirm the judgment of the District Court awarding costs for appellees' witness who did not testify at trial, and for translation expenses. We reverse and remand that portion of the District Court's judgment relating to costs allowed for fees paid to the "expert witness."

*So ordered.*

---

**15.** We assume, for example, that the information furnished by appellees' expert could have been secured through legal research. However, if the District Court believed that Nguyen Quoc Dai would furnish information or evidence not otherwise reasonably accessible to the court, and that his appearance as a witness was determined to be critically important to the resolution of the case, then the court should have approved or required his testimony on these terms in advance. Absent such findings, there is no justification for an award of costs based upon special fees for "expert witnesses" not otherwise allowable to "witnesses" under 28 U.S.C. § 1821.