**Paul ZDUNEK, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 82–544.**

United States District Court, District of Columbia.

Feb. 24, 1983.

Richard W. Galiher, Jr., Charles R. McBrier, Jr., Washington, D.C., for plaintiff.

John C. Swanson, Donald A. Clower, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

Before the Court are plaintiff's bill of costs and defendant's opposition thereto. Plaintiff seeks reimbursement for certain litigation expenses he maintains are properly awardable to him as a prevailing party, pursuant to Rule 54(d) of the Federal Rules

of Civil Procedure and 28 U.S.C. § 1920. Defendant objects to the size and nature of some items of plaintiff's claimed costs, arguing that those items are not authorized for award under the relevant statutes and rules. We agree with defendant as to certain items and accordingly grant in part and deny in part plaintiff's request.

## I. INTRODUCTION

This lawsuit grew out of a slip and fall accident that occurred on April 25, 1979 at the Farragut North Metro Station, which is operated by defendant, Washington Metropolitan Area Transit Authority ("WMATA"). Plaintiff slipped on a piece of vegetable matter located near the bottom of one of the escalators leading to the 17th and K Street entrance to that subway station. Defendant denied liability for the injuries resulting to plaintiff. On December 3, 1982, after a three and one-half day trial, the jury returned a verdict for plaintiff in the amount of $11,250.00.

Plaintiff, as the prevailing party, now seeks to recover certain expenses he incurred during the course of this litigation. Specifically, plaintiff asserts that the following items are properly taxable against WMATA as "costs," within the meaning of Rule 54(d) and 28 U.S.C. § 1920:

| | |
|---|---:|
| Filing Fee with Jury Demand | $ 10.00 |
| *Special Process Fees* | |
| Service of Complaint and Summons on WMATA | 18.00 |
| Service of subpoena on James Neclos for deposition | 70.00 |
| Service of subpoena on Officer Chandler for deposition | 50.00 |
| Service of subpoena on Custodian of Records at the General Maintenance Dept. of WMATA for deposition | 70.00 |
| Service of subpoena on Creston Wood for trial | 50.00 |
| *Witness Fees:* | |
| Dr. Weinstock for trial | $ 500.00 |
| Officer Chandler for deposition | 30.00 |
| James E. Neclos for deposition | 30.00 |
| Custodian of Records for General Maintenance Dept. of WMATA for deposition | 30.00 |
| Dr. Hustead for trial | 1,100.00 |
| James E. Neclos for trial (three days at $76.72 per day wage loss compensation; payment of wages refused by Metro; and $30.00 witness fee; three days necessitated due to delays encountered during trial due to proceedings and availability of expert witnesses) | 260.16 |
| Creston Wood for trial | 30.00 |
| Ignatius Dennehey for trial | 30.00 |
| Dr. Alfred Pavot for trial | 550.00 |
| *Depositions:* | |
| Pro-Typist for copy of Zdunek deposition | 70.07 |
| Friedli, Wolff & Pastore reporters for Neclos' deposition | 170.45 |
| *Other Costs:* | |
| Associated Investigators for serving subpoena on Custodian of Records of IRS | 121.20 |
| Xerox Copies (716) at .15 | 107.40 |
| Postage | 6.74 |
| Long Distance Calls | 3.67 |
| Total | $3,307.69 |

Because we find that (1) special process fees are not authorized for award to prevailing parties under the relevant statutory provisions; (2) the cost of long distance calls is not authorized for award; (3) postage expenses are not authorized for award; (4) expert witness fees in excess of the statutorily prescribed fees for "regular" witnesses are not authorized except in "exceptional circumstances;" and (5) there are no "exceptional circumstances" in this case, we must partially deny plaintiff's request for reimbursement of costs.

## II. DISCUSSION

■ A successful civil litigant is entitled to recover from the losing party the "costs" of his federal court litigation. Rule 54(d) directs that, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Allowable cost items are enumerated in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Moreover, it is clear in this Circuit that, as long as the costs of items for which a party seeks reimbursement are statutorily authorized, there is a strong presumption in favor of an assessment against the losing party. *Sun Ship, Inc. v. Lehman,* 655 F.2d 1311 (D.C.Cir.1981).

■ The statutory list of taxable items, while not exclusive, is not to be routinely expanded. The Supreme Court in *Farmer v. Arabian Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) declared that, even though Rule 54(d) vests trial judges with limited discretion to award, as costs, some litigation expenses not explicitly authorized by statute, all requests for excess costs should be given "careful scrutiny" and "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Id.* at 235, 85 S.Ct. at 416; *Quy v. Air America, Inc.,* 667 F.2d 1059, 1067 n. 14 (D.C.Cir.1981). Awardable costs "may not, therefore, include everything that the party has spent to achieve victory." *Cooper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982); *see Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864 (7th Cir.1981) ("Courts are to award, except in limited exceptional situations, only those expenses specifically recognized by statute," cited with approval in *Quy, supra* at 1067).

With these principles in mind, we turn to an examination of plaintiff's request for taxation of costs against defendant.

1. *Special Process Fees*

■ Plaintiff claims that he is entitled to be reimbursed in the amount of $379.20 for expenses he incurred in hiring special process servers to serve subpoenas, summonses and copies of the complaint on various persons. Because there is no statutory authorization for an award of special process fees, however, and since no exceptional circumstances existed in this case which required the use of professional process servers, we deny plaintiff's request for reimbursement.

While 28 U.S.C. § 1920(1) authorizes taxation of the service fees charged by the United States Marshals Service, there is no statutory authorization for awarding the fees of special process servers, as costs. Rules 4(c), 45 and Local Rule 1–10(a), which enable individuals other than U.S. Marshals to make service of process, do not require that professional process servers be employed. Moreover, there was nothing exceptional about either the parties or the nature of this case that required the use of paid process servers. Consequently, the special process fees are not taxable costs.

2. *Postage and Long Distance Calls*

■ Plaintiff seeks an award of $6.74 for postage expenses and $3.67 for long distance telephone calls. Like special process fees, however, there is no statutory authorization to tax these expenses against the losing party. *In re Penn Central Transportation Co.,* 630 F.2d 183, 188 (3d Cir.1980) (denying cost of postage, courier service and overtime); *Wahl v. Carrier Manufacturing Co.,* 511 F.2d 209, 217 (7th Cir.1975) (denying expenses of telephone calls, postage, lawyer travel and investigatory expenses). Rather, postage and telephone charges are general expenses incurred during the course of every lawsuit and they are not taxable costs. *Id.* Plaintiff must, therefore, bear the burden of these outlays.

### 3. Expert Witness Fees

■ Nearly two-thirds of plaintiff's claimed costs falls into the category of expert witness fees. Plaintiff seeks to recover fees for three doctors who testified at trial in his behalf, amounting to a total of $2,150.00. This sum is well in excess of the statutory witness fees provided for in 28 U.S.C. § 1821, and is not, therefore, taxable in full against defendant.

Witness fees are specifically authorized by 28 U.S.C. § 1920(3). The dollar amounts are outlined in 28 U.S.C. § 1821, which authorizes a $30.00 per day attendance fee, as well as subsistence and travel allowances, where appropriate, for each witness. The rule in this Circuit regarding expert witness fees is that, "except possibly in 'exceptional circumstances,' allowable witness costs must be limited pursuant to 28 U.S.C. § 1821 (Supp.II 1978)." (footnote omitted) *Quy, supra* at 1066.[1] Since we find that this case did not involve "exceptional circumstances," the statutory limit is applicable.

The Court of Appeals in *Quy* adopted a strict limitation rule for expert witness fees. The Court did not, however, list slip and fall personal injury actions as exceptional cases where excess witness fees could "possibly" be taxed. *See Id.* at 1066 n. 11. Moreover, denying excess fees for medical experts is not without precedent. *See Neely v. General Electric Company,* 90 F.R.D. 627 (N.D.Ga.1981) (Court has no authority, in personal injury actions, to tax costs for medical expert witnesses in excess of the statutory per diem, mileage and subsistence allowances.); *Euler v. Waller,* 295 F.2d 765 (10th Cir.1961) (trial court improperly awarded as costs $1,100.00 in fees to medical expert witnesses). For these reasons, we decline to establish an exception to the limitation regarding expert witness fees that could easily render the rule meaningless.[2]

Dr. Weinstock and Dr. Pavot each attended 1 day of trial, and Dr. Hustead attended two days of the trial. Using the $30.00/day statutory formula, plaintiff is entitled to recover four times $30.00, or $120.00, in witness fees for those doctors.[3] Thus, plaintiff's request for expert witness fees in excess of $120.00 must be denied.

### 4. Regular Witness Fees

Plaintiff has also requested reimbursement in excess of the statutory witness fee for the cost of securing the trial testimony of James Neclos, a WMATA employee. Neclos refused to miss time from his job without compensation. WMATA refused to pay Neclos for the time he might be absent. As a result, plaintiff agreed to pay him his regular wages for the days he was needed at trial and would have to be absent from work without pay. Plaintiff contends that Neclos' wages are, therefore, recoverable witness costs.

■ As explained above, the statutory witness fee provisions are exclusive and must be strictly construed. There is no statutory authorization for taxing more

---

1. In announcing this rule, the Court of Appeals explicitly declined to follow the more expansive approach to awarding witness fees followed by the Third Circuit. *See Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201 (3d Cir.1981). Plaintiff's reliance on *Roberts* as authority in this Court is, therefore, misplaced.

2. Plaintiff additionally argues that defendant's conduct during the course of this litigation was vexatious and dilatory. He submits that excess witness fees and costs are, therefore, taxable against WMATA for equitable reasons. We reject this contention out of hand.

 First, both parties were guilty of some measure of undue delay and obtrusiveness in their dealings, both before and during the trial. Second, plaintiff has already received attorney's fees from defendant as a result of an earlier discovery dispute. *See* previous Order dated January 5, 1983. Plaintiff has, therefore, received compensation for any wrongful conduct engaged in by defendant.

3. Plaintiff did not make a claim for travel allowances, and none of the witnesses required overnight lodging in the District of Columbia so as to authorize subsistence allowances. *See* 28 U.S.C. § 1821(c). Consequently, only per diem fees are awardable.

than $30.00 per day, plus subsistence and travel allowances, as costs for any witness. Since Mr. Neclos appeared for 3 days of the trial, plaintiff is entitled to recover $90.00, no claim having been made for travel or subsistence expenses. Consequently, plaintiff's claimed costs for Neclos in excess of $90.00 must be denied.[4]

### 5. *Cost of Depositions*

 Costs incident to the taking of depositions may be awarded if it is found that the depositions were "necessarily obtained for use in the case, a question of fact to be determined by the district judge based on either the existing record or the record supplemented by additional proof." *Sun Ship, supra* 1319. At issue here are the costs of two depositions, one of plaintiff and one of James Neclos, as well as witness fees for two additional deponents, Officer Chandler and the Custodian of Records for the General Maintenance Department of WMATA. Since we find that these depositions were "necessarily obtained for use in the case," plaintiff's claimed expenses are taxable in full against defendant.

Both Mr. Zdunek and Mr. Neclos testified at trial and were cross-examined on the basis of their depositions. There is no question, therefore, that their depositions were necessary and useful. Officer Chandler and the Custodian of Records provided plaintiff with essential information concerning the cleaning procedures followed by WMATA at the Farragut North station, a matter of significant importance in this case. Moreover, both plaintiff and defendant were undoubtedly able to use those depositions to prepare their respective cases and garner admissible evidence.

For these reasons, we grant plaintiff's request for reimbursement and tax as costs $330.52, representing deposition expenses and statutory witness fees for Neclos, Chandler and the Custodian of Records.

---

4. Plaintiff is also entitled to recover $30.00 apiece as witness fees for Creston Wood and Ignatius Dennehey, who testified at trial.

### III. CONCLUSION AND ORDER

In light of the above, plaintiff's request for taxation of costs against defendant is granted in part and denied in part.

Accordingly, it is, this 24th day of February, 1983

ORDERED that the following items be, and hereby are, taxed as costs against defendant and in favor of plaintiff:

| | |
|---|---|
| Filing fee with jury demand | $ 10.00 |
| *Witness Fees:* | |
| Dr. Weinstock for trial | 30.00 |
| Officer Chandler for deposition | 30.00 |
| James E. Neclos for deposition and trial | 120.00 |
| Custodian of Records for General Maintenance Dept. of WMATA for deposition | 30.00 |
| Dr. Hustead for trial | 60.00 |
| Creston Wood for trial | 30.00 |
| Ignatius Dennehey for trial | 30.00 |
| Dr. Alfred Pavot for trial | 30.00 |
| *Costs of Depositions:* | |
| Pro-typist for copy of Zdunek deposition | 70.07 |
| Friedli, Wolff & Pastore for Neclos's deposition | 170.45 |
| *Other Costs:* | |
| Photocopying expenses (716 copies) | 121.20 |
| | $731.72 |

and it is;

FURTHER ORDERED that plaintiff's claimed costs in excess of the above-mentioned amounts be, and hereby are, DENIED.