**20**

Dawn V. MARTIN, Plaintiff,

v.

HOWARD UNIVERSITY,
et al., Defendant.

Civil Action No. 99–1175(JMF).

United States District Court,
District of Columbia.

Aug. 26, 2002.

---

James William Morrison, Holland & Knight, L.L.P., Washington, DC, Dawn Valore Martin, Quin Harry Martin, Washington, DC, for plaintiff.

Leroy T. Jenkins, Jr., Washington, DC, Brian Lawrence Schwalb, Schwalb, Donnenfeld & Sarfatti, P.C., Washington, DC, Nadine Chandler Wilburn, Washington, DC, James Patrick Schaller, Jackson & Campbell, P.C., Washington, DC, Deborah K. St. Lawrence, Washington, DC, William Chappele Eugene Robinson, Phillip A. Lattimore, III, Washington, DC, for defendants.

1. *Hicks v. Miranda,* 422 U.S. 332, 352, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975)(Burger, C.J., concurring); *Chloe Z Fishing, Inc. v. Odyssey Re (London) Ltd.,* 109 F.Supp.2d 1236, 1245 (S.D.Cal.2000). *See* Norman J. Singer, *Sutherland Statutes & Statutory Construction,* § 57.2

**MEMORANDUM AND ORDER**

FACCIOLA, United States Magistrate Judge.

Initially, by my order of April 11, 2001, I refused to relieve plaintiff of her obligation to pay witness fees to the persons she sought to depose. *Memorandum Order of April 11, 2001.* She has asked me to reconsider that determination. I will do so now.

The controlling statute, 28 U.S.C.A. § 1821(b)(1994), indicates that "[a] witness shall be paid an attendance fee of $40 per day ..." The word "shall" means must.[1] Federal Rule of Civil Procedure 45(b)(1) similarly requires the service of any subpoena to be accompanied by a tender of the witness fees for one's day attendance. Hence, it is clear beyond all question that the failure to tender the witness fee is legitimate grounds for the witness to refuse to appear. *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 686 (D.Kan.1995)(*citing CF & I Steel Corp. v. Mitsui & Co., (U.S.A. Inc),* 713 F.2d 494 (9th Cir.1983)).

If a party pays the fees, then, upon prevailing, she may seek to recover those fees as costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C.A. § 1920 (1994). Thus, read together, one statute requires the tendering of fees as a condition of taking a witness's deposition while the second permits, in the court's discretion,[2] the recovery of those fees if the party who takes the deposition prevails:

> The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.

*Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

(2001). *Cf. Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

2. *See Quy v. Air America, Inc.,* 667 F.2d 1059 (D.C.Cir.1981).

The problem with plaintiff's analysis is that she relies on cases that deal with whether certain witness fees are recoverable as costs after trial and not with whether witness fees must be tendered to the witness in the first place. While it may well be appropriate to consider whether or not the witness was a party when costs for taking his deposition are sought after trial, it has nothing to do with whether the party taking his deposition must tender the fees in the first place. Party or not, the person whose deposition is taken is called away from her home and business and the law requires that she be compensated as a condition of that deposition being taken. Accordingly, I persist in my view that plaintiff must pay witness fees to all the witnesses she deposes with the understanding that she may seek to recover those fees as costs if she prevails.

Therefore, it is hereby,

**ORDERED** that plaintiff's *Motion for Chief Judge Hogan's Reconsideration of Magistrate's May 30, 2001 Order* [# 116] is **DENIED**.

**SO ORDERED.**