**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant.**

**Civil Action No. 95–133 (RCL/JMF).**

United States District Court,
District of Columbia.

March 3, 2003.

---

Paul J. Orfanedes, Klayman & Associates, PC, Larry Elliot Klayman, Judicial Watch, Incorporated, Washington, DC, for plaintiff.

Marina Utgoff Braswell, Bruce R. Hegyi, William Mark Nebeker, U.S. Attorney's Office, Washington, DC, for federal defendant.

John Christopher Keeney, Jr., Hogan & Hartson, L.L.P., Washington, DC, Brian A. Sun, O'Neill, Lysaght & Sunn LLP, Santa Monica, CA, Jed Lloyd Babbin, O'Connor & Hannan, L.L.P., Anthony John Trenga, Miller & Chevalier, Chartered, Bruce R. Hegyi, Brian William Shaughnessy, Shaughnessy, Volzer & Gagner, Ellyn R. Weiss, Foley Hoag, LLP, William C. Oldaker, Okdaker & Harris, LLP, Robert Kenly Webster, Karen Kathleen Richardson, Anne L. Weismann, U.S. Department of Justice, Judah Best, Debevoise & Plimpton, Reid Henry Weingarten, William T. Hassler, Brian M. Heberlig, Steptoe & Johnson, L.L.P., Carol Federighi, U.S. Department of Justice, Washington, DC, for Non Parties.

Judah Best, Stuart Henry Newberger, Crowell & Moring, L.L.P., Washington, DC, for movants.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

For the reasons stated below, I will grant Mr. Huang's *Non–Party's Motion under Rule 45 To Suspend Questioning of John Huang's Sixth Day of Deposition Testimony Until Payment of Rule 45 Witness Fees and Travel Costs from California.*

### FACTS

John Huang ("Huang") is a non-party witness who has been deposed a total of six times in this case. Huang is now living in California. The last deposition was conducted on May 3, 2002, and this motion for witness fees and travel costs preceded it. Before each deposition, Huang has made a timely objection to the subpoena's validity based on plaintiff's failure to tender fees. Having thus preserved his objection, Huang subjected himself to Judicial Watch's questioning in each of the six depositions.[1]

In opposition, plaintiff asserts that since Huang was originally served in the District of Columbia, where he was then living or working, all depositions should be deemed continuations of a deposition that would theoretically have been taken while Huang was still living or working in the District of Columbia, had he cooperated with Judicial Watch's initial efforts to take his deposition. Moreover, plaintiff argues that Huang's own behavior necessitated continued deposition testimony and that such evasive conduct should not be rewarded with a substantial payment of witness fees and travel costs. *Plaintiff's Opposition* ("P.'s Opp.") at 1, 4.

In reply, Huang notes that at the deposition held on May 3, 2002, the Court ruled that "if Mr. Huang is entitled to these fees, I will order that he be given them." *Reply Memorandum* ("Reply") at 1; Huang Dep. Tr., May 3, 2002, at 390–91. Lastly, Huang notes that his past conduct provides no basis for refusing to pay fees because the "Court has already declined to sanction [him] for those acts." Reply at 3.

### DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, "service of a subpoena upon a person named therein shall be made by delivering a copy thereof ... and, if the person's attendance is commanded, by tendering to

---

1. During those depositions, Huang frequently declined to answer questions on the grounds that the answers might tend to incriminate him.

that person the fees for one day's attendance and the mileage allowed by law." FED. R.CIV.P. 45(b). The statutory fee is mandatory and states that "[a] witness *shall* be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C.A. § 1821(b)(1994)(emphasis added). Moreover, a witness who travels "by common carrier shall be paid for the actual expenses of travel ... by the shortest practical route" at the most economical rate reasonably available. 28 U.S.C.A. § 1821(c)(1)(1994).

▮ Prior to the 1991 amendments to the Federal Rules of Civil Procedure, the districts courts had the discretion to condition the enforcement of subpoenas on the petitioner's paying for the costs of production. *Linder v. Calero–Portocarrero,* 251 F.3d 178, 182 (D.C.Cir.2001). However, after the 1991 amendments, the discretion of the courts has been abandoned for a more precise and predictable outcome—either the party taking the deposition pays fees or the subpoena is procedurally invalid. *Id.,* FED. R.CIV.P. 45(b). Therefore, it is beyond all doubt that a subpoenaed deposition is contingent upon paying the appropriate witness fees and travel costs. *Martin v. Howard University, et al.,* 209 F.R.D. 20, 20 (D.D.C.2002)("Party or not, the person whose deposition is taken is called away from [his] home and business and the law requires that [he] be compensated as a condition of that deposition being taken."). The argument that Huang's behavior invalidates the payment of fees cannot be squared with the language of Rule 45(b). It specifically mandates the payment of fees to be accompanied with service of the subpoena. I know of no authority that permits that statutory obligation to be waived because of the claimed misbehavior of the witness. Moreover, at no point, did Huang attempt to evade his obligation to appear once Judge Lamberth made it clear that he had to be deposed and criticized his attempts to evade service. He then came to Washington, D.C., from California, six times at his own expense without protest. Thus, I am hard pressed to understand why his behavior prior to Judge Lamberth's order should be used to punish him when he thereafter cooperated with Judicial Watch's efforts to take his deposition once Judge Lamberth ordered that he be deposed.

Accordingly, I find that plaintiff must pay the witness fees at the statutory rate of $40 per day for the six days of deposition and the three days of "going to and returning from the place of attendance." 28 U.S.C.A. § 1821(b)(1994). Additionally, Huang is entitled to his actual expenses of travel. However, under the statute, "a receipt or other evidence of actual cost shall be furnished." 28 U.S.C.A. § 1821(c)(1)(1994). There was no documented proof of Huang's travels in his motion for fees and travel costs. Therefore, such documentation must be produced to Judicial Watch before payment can be rendered.

Finally, Judicial Watch insists that at the deposition of November 6, 2000, I dispositively overruled, for all times, the objections Huang's counsel made under Fed.R.Civ.P. 45(b) to proceeding without the payment of witness fees and travel expenses. P.'s Opp. at 2. To the contrary, I certainly had no intention by overruling that objection to bar Huang from ever seeking witness fees and travel expenses. In each instance, when the objection to the subpoena for failure to tender fees and expenses was timely made, and subsequently denied, my only goal was to proceed with the deposition and facilitate its conclusion, not to make a dispositive ruling as to the motion for fees. That point is further clarified in the transcript of the May 3, 2002, deposition. The record is clear that the "application [to not go forward with the deposition] ... [was] denied," while I preserved Huang's objection "that he should not have been compelled [to testify] without a prior tender of the witness fee." Huang Dep. Tr., May 3, 2002, at 390–91. Plaintiff's right to adequately respond to Huang's motion for witness fees was preserved as well. *Id.* at 390. I did nothing and never intended to do anything that would prevent Huang from making the application he has now made.

An Order accompanies this Memorandum Opinion.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby,

**ORDERED** that John Huang's *Non–Party's Motion under Rule 45 To Suspend Questioning of John Huang's Sixth Day of Deposition Testimony Until Payment of Rule 45 Witness Fees and Travel Costs from California* [# 839] is **GRANTED**. It is further, hereby,

**ORDERED** that plaintiff shall immediately remit to Mr. Huang the amount of $360 for six (6) days of attendance fees and for three (3) days of travel. It is further, hereby,

**ORDERED** that, within thirty (30) days of the issuance of this Order, Mr. Huang shall provide to Judicial Watch documentation of his actual travel expenses and that Judicial Watch shall pay those expenses, unless within five (5) days thereafter, Judicial Watch files written objections to the reasonableness of Huang's travel expenses.

**SO ORDERED.**