**Danny Clark CROSS, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 80–0450C(4).**

United States District Court, E.D. Missouri, E.D.

Dec. 7, 1982.

---

Danny Clark Cross, pro se.

James E. McDaniel, Lashly, Caruthers, Baer & Hamel, St. Louis, Mo., for defendant.

MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendant's motion for allowance of attorney's fees and other costs.

Plaintiff, Danny Clark Cross, brought this employment discrimination action pursuant to 42 U.S.C. § 1981 against the defendant, General Motors Corporation, proceeding *in forma pauperis.* Plaintiff's action was dismissed without prejudice on July 16, 1982, following his repeated failure to produce suitably complete income tax returns necessary for the Court's determination of whether his *in forma pauperis* status should be revoked.

Defendant now seeks an order taxing as costs to plaintiff its attorney's fees expended in defense of the entire litigation pursuant to The Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. Section 1988 permits the court, in its discretion, to allow the prevailing party reasonable attorney's fees as costs.

The considerations underlying an award of attorney's fees to a prevailing plaintiff in a civil rights action are entirely different than those considered in deciding whether a defendant is entitled to reimbursement of legal fees upon dismissal. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.,* 578 F.2d 34, 37 (2d Cir.1978). A defendant may be entitled to such fees where the action defended against was "unreasonable, frivolous, meritless, or vexatious." *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

The Court is not persuaded that an award of fees in the amount requested is appropriate under the circumstances. Defendant seeks the lump sum of $28,938.00 for 534.2 hours of work. No supporting affidavit or itemized schedule of work performed has been offered.

It is unusual that plaintiff, an attorney, proceeded with this action *in forma pauperis.* While it is true that the Court deter-

mined he could not continue to proceed on such basis and dismissed this action without prejudice, the power to tax costs should not be exercised in a manner that bars the courthouse door to indigent plaintiffs. *See Action Alliance for Senior Citizens of Greater Philadelphia, Inc. v. Shapp,* 74 F.R.D. 617, 620 (E.D.Pa.1977). The attorney's fees requested will be denied.

 Defendant also seeks $1,838.60 for the cost of "two copies of deposition." While the request is for "copies" and no formal bill of costs has been filed itemizing these expenses, it would appear that this figure relates to the cost of defendant's four-volume deposition of plaintiff, rather than copies of the same. The Court has broad discretion to tax costs of depositions reasonably necessary to the case and not purely investigative in nature. *Koppinger v. Cullen-Schiltz & Assoc.,* 513 F.2d 901, 911 (8th Cir.1975). Under the present circumstances and for the reasons referred to above, these costs will be denied.

 Finally, defendant requests $167.82 for the subpoena of witnesses and $123.00 for a special process server. The costs in the sum of $290.82 will be allowed to defendant pursuant to Fed.R.Civ.P. 54(d).