**Galen L. McHENRY, Plaintiff,**

v.

**JOSEPH T. RYERSON COMPANY, Subsidiary of Inland Steel Company, Defendant.**

**No. S 83–117.**

United States District Court, N.D. Indiana, South Bend Division.

Jan. 31, 1985.

As Amended Feb. 19, 1985.

| | |
|---|---|
| R.D. Lausa, M.D. | $600.00 |
| Dr. Arnoldo Urruti | 500.00 |
| Gary Wise, M.D. | 466.66 |
| Lee Howard, Ph.D. | 250.00 |
| John Wolfe, M.D. | 450.00 |
| Edmond Goold, M.D. | 90.00 |
| Amstutz Reporting Service | 1410.00 |
| Emery Worldwide | 12.50 |
| | $3977.24 |

David L. Matthews, South Bend, Ind., for plaintiff.

Roland Obenchain, South Bend, Ind., Edward L. Murphy, Jr., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court on defendant, Joseph T. Ryerson Company's objections to the bill of costs of plaintiff, Galen L. McHenry. Plaintiff filed his requested reimbursements and accompanying receipts on the standard form for bill of costs available at the office of the Clerk of this Court on May 7, 1984. Defendant's objections to the bill of costs were docketed on May 11, 1984. On May 29, 1983, this court ordered plaintiff to submit a brief supporting the necessity for the requested costs since he failed to do so in his initial filing. In compliance with this order, plaintiff submitted his brief in support of bill of costs on October 5, 1984.

Plaintiff requests reimbursement for the following items: [1]

| | | |
|---|---|---|
| 1. | Fees of the clerk | $ 63.00 |
| 2. | Costs incident to taking of depositions | 88.88 |
| 3. | Other costs: | |
| | D.L. Matthews | 46.20 |

Defendant contends that several expenses contained in the bill of costs filed by plaintiff are not recoverable under the applicable statutes or case law and this is a conclusion with which this court agrees.

Items properly taxable as costs are enumerated in 28 U.S.C. § 1920 which provides:

§ 1920. Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs

---

**1.** The court sets out plaintiff's requested reimbursements exactly as they appear on the standard bill of costs form filed with the Clerk's office on May 7, 1984. In many instances, the supporting documentation is the only "clue" to the nature of the expenses listed while in other cases, even the receipts offered in support of the requested item do not adequately characterize the nature of the request. The court has had to rely on the Exhibit and Witness List, a part of the trial record, to piece together the role of each doctor in this case.

of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case, and upon allowance, included in the judgment or decree.

Plaintiff's bill of costs contains a request for taxation of Eighty-eight and 88/100 Dollars ($88.88) as "Costs incident to taking of depositions" and Forty-six and 20/100 Dollars ($46.20) as "other costs" incurred by one of plaintiff's counsel, D.L. Matthews. The documentation submitted by plaintiff in support of the bill of costs demonstrates that the above-stated amounts represent the mileage expenses of plaintiff's attorney, David L. Matthews, incident to his attendance at the trial of this case and the depositions of Rudy Kachmann, M.D., and Ronald J. Pancner, M.D.

■ Attorney travel expenses are not among the items enumerated in 28 U.S.C. § 1920, and, thus, are disallowed. It is well established in this circuit that an attorney's traveling expenses incurred in attending depositions, pretrial conferences, and trial are not recoverable as costs. *Commissioners of Highways of the Towns of Annawan, et al. v. United States*, 653 F.2d 292, 298 (7th Cir.1981); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975); *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir.1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221, *reh. denied*, 395 U.S. 987, 89 S.Ct. 2128, 23 L.Ed.2d 776 (1969).

Defendant next challenges the bill of costs with respect to the several doctors who testified as expert witnesses. All the named doctors testified by means of deposition except for Dr. R.D. Lausa, who testified at the trial.

■ Under the provisions of 28 U.S.C. § 1920, plaintiff can recover fees and expenses for expert witness but the amount allowable is limited by the provisions of 28 U.S.C. § 1821 which provides in pertinent part:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

\* \* \* \* \* \*

(b) a witness shall be paid an attendance fee of $30.00 per day for each day's attendance....

Although defendant concedes that a witness fee of Thirty Dollars may be taxed as costs for each doctors' testimony at trial or deposition, it contends that the excess claimed by plaintiff in his bill of costs is not recoverable.

■ Again, the law in this circuit is clear with respect to the compensation for expert witnesses. In *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir.1981), the Seventh Circuit Court of Appeals set the correct measure for taxing fees for expert witnesses. In attempting to determine whether the costs incurred for expert witnesses were recoverable under the Clayton Anti-Trust Act, the court first reviewed the general rules governing the taxation of costs under F.R.Civ.P. 54(d). The court reaffirmed its holding in *Adams v. Carlson*, 521 F.2d 168 (7th Cir.1975), concluding that, with respect to expert witnesses, the prevailing party can recover only the statutory amount prescribed in § 1821 and not any additional expert witness fees.[2] *Sangamo Construction Co.*, 657 F.2d at 865. *See also Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 721 (N.D.Ill.1982); Therefore, the correct standard for taxing fees for expert witnesses is not the amount the expert charged the plaintiff, nor is the time

---

**2.** The court in *Sangamo* stated that fees and expenses above the statutory limits can be awarded in "exceptional circumstances." *State of Illinois v. Sangamo Construction*, 657 F.2d 855, 865 n. 14. The court, however, did not define the exceptional circumstances which would justify such an award nor has the plaintiff alleged any such circumstances.

spent by an expert consulting with attorneys or preparing to testify a taxable cost. *Independence Tube Corp.*, 543 F.Supp. at 721.

■ The documents submitted by plaintiff in support of his bill of costs indicate that the expenses for Doctors Wise, Wolfe, Howard, and Goold were expert witness fees assessed to plaintiff in connection with each doctor's deposition. In accord with the above-cited authority, defendant will be taxed the statutory amount for each witness, Thirty Dollars ($30.00), for a total of One Hundred Twenty Dollars ($120.00).

There are problems, however, with the documentation supporting the fees for Doctors Lausa and Urrute. The documentation offered in support of these physicians contain no reference to time spent in deposition or trial testimony. Nor does plaintiff's brief in any way support the requests for these costs. However, the trial record [3] reflects that Dr. Lausa testified as a witness in this case on April 18, 1984 and that the deposition of Dr. Urrute was read into evidence at the trial on April 23, 1984. Based on the court's own documentation, costs in the amount of Thirty Dollars ($30.00) will be assessed as witness fees for each of these doctors for a total of Sixty Dollars ($60.00).

The court turns now to the objections of defendants with respect to copies of depositions taken in this cause. While defendant does not contest that the cost of transcribing a deposition is a taxable expenditure, it contends that the cost of copies are not allowable costs. Specifically, defendant points to the fact that all of the depositions taken in the case were depositions of witnesses who were either unavailable to attend the trial or outside the subpoena power of this court, for the express use as evidence at trial. Defendant concludes

that since copies of the depositions were not required for preparation of either direct or cross-examination of the witnesses by plaintiff's counsel, the copies of the depositions were not "reasonably necessary for use in the case" and should be excluded from the award of costs.

■ The expense of deposition copies reasonably necessary for use in the case may be included in an award of costs. *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir.1979). The determination of whether a particular deposition or transcript was "necessary" for use in a case is a factual one. *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982). A transcript will be found to be "necessarily obtained" if "it was necessary to counsel's effective performance and proper handling of the case." *Marcoin, Inc. v. Edwin K. Williams & Co.*, 88 F.R.D. 588, 590 (E.D.Va.1980). Obviously, the most direct evidence of "necessary use" is the actual use of the transcript by the counsel or by the court. In this case, the transcripts were read into evidence by plaintiff's two attorneys. This exercise, in and of itself, required copies of the original deposition filed with the court. Moreover, the court notes that two attorneys represent plaintiff in this action, David L. Matthews of South Bend, Indiana, and Harold C. Meier of Columbus, Ohio. In a situation such as this, with two attorneys sharing responsibilities in a court action and with at least one of the lawyers located at a distance from the court house at which deposition of witnesses are on file, the practicalities of adequately preparing the case for trial dictate the use of deposition copies. The court finds One Thousand Three Hundred Forty-five and 50/100 Dollars ($1345.50) allowable as costs for depositions and copies.[4]

---

**3.** *See* Plaintiff's Witness List.

**4.** Plaintiff claimed One Thousand Four Hundred Ten Dollars and 00/100 Dollars ($1,410.00) in costs for deposition expenditures. Upon examination of the documentation submitted by

plaintiff with his bill of costs, the court finds only five receipts for depositions and copies totaling One Thousand Three Hundred Forty-five Dollars and 50/100 Dollars ($1,345.50).

■ Defendant directs his final objection to plaintiff's request for reimbursement for the costs of overnight delivery of documents mailed by plaintiff's counsel in Columbus, Ohio to plaintiff's local counsel. The costs represent expenses for postage and are, therefore, not recoverable under section 1920 or under Rule 54(d). *Wahl v. Carrier Manufacturing Co., Inc.*, 511 F.2d at 217.

Accordingly, the following items will be taxed as costs under 28 U.S.C. § 1920:

1. Deposition Expenses

   Deposition expenses for:

   | | |
   |---|---:|
   | Rudy Kachmann, M.D. | $ 64.50 |
   | Gary Wise, M.D. (original and one copy) | |
   | Gerald Steiman, M.D. (one copy) | |
   | John S. Wolfe, M.D. (original and one copy) | |
   | W. Jerry McCloud, M.D. (one copy) | |
   | Ralph M. Lausa, M.D. (one copy) | 525.00 |
   | Galen McHenry (one copy) | 78.00 |
   | Doris Jean McHenry (one copy) | |
   | Ralph D. Lausa, M.D. (one copy) | |
   | Robert Larrick, M.D. (one copy) | |
   | Lois E. Nott (original and one copy) | |
   | Edmond J. Goold, M.D. (original and one copy) | |
   | William Lee Howard, Ph.D. (original and one copy) | 620.00 |
   | Ronald J. Pancer, M.D. (one copy) | 58.00 |
   | | $1345.50 |

2. Expert Witness Fees

   | | |
   |---|---:|
   | Arnoldo Urruti, M.D. | 30.00 |
   | R. D. Lausa, M.D. | 30.00 |
   | Gary Wise, M.D. | 30.00 |
   | John Wolfe, M.D. | 30.00 |
   | Lee Howard, Ph.D. | 30.00 |
   | Edmond Goold, M.D. | 30.00 |
   | | 180.00 |

3. Fees of the Clerk — 63.00

   | | |
   |---|---:|
   | TOTAL | $1588.50 |

SO ORDERED.

