**Wilfred ROBERTS and Lois Roberts, Husband and Wife, Plaintiffs,**

**v.**

**HOMELITE DIVISION OF TEXTRON, INC., Defendant.**

**Civ. No. H 85–183.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 25, 1987.

Joel C. Levy, Highland, Ind., for plaintiffs.

Timothy J. Walsh, South Bend, Ind., for defendant.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Bill of Costs filed by the defendant, Homelite Division of Textron, Inc., on May 27, 1987. For the reasons set forth below, the motion is GRANTED in the amount of $4,382.25.

## Background

On February 14, 1985, the plaintiffs filed a complaint against the defendant, Homelite Division of Textron, Inc. (hereafter Homelite), seeking compensation for the personal injuries sustained by Wilfred Roberts (hereafter Roberts) while attempting to start a lawn mower. The complaint alleged that Roberts, an authorized dealer of Jacobsen lawn mowers, lost a portion of his left hand while servicing a lawn mower prior to its sale. Roberts alleged that Homelite was negligent in the design and manufacture of the lawn mower.

The jury trial commenced on April 27, 1987. The underlying facts supporting Roberts' claim disclosed that on July 13, 1983, Roberts received a Jacobsen lawn mower at his place of business. Upon unpacking the lawn mower, Roberts attempted to start it, but the mower neither started nor turned over. Roberts then placed the lawn mower on a workbench, and with the aid of Paul Kurzja, made an attempt to start the engine. While on the workbench, the mower started causing it to "lurch" forward and to strike a portion of Roberts' left hand, resulting in a serious injury. On May 6, 1987, the jury returned a verdict in favor of Homelite.

Prior to trial, Homelite made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 to both plaintiffs in the amount of $25,000.00. That offer was rejected by the plaintiffs. Homelite now seeks the taxation of costs pursuant to Federal Rule of Civil Procedure 54(d) in the amount of $8,485.25.

## Discussion

 Rule 54(d) provides for an award of costs in favor of the party who prevails in the litigation. Absent a showing of misconduct on the part of the prevailing party, or indigency on the part of the losing party, costs must be awarded by the trial court. *See generally Smith v. DeBartoli,* 769 F.2d 451, 453 (7th Cir.1985); *Morris v. Spratt,* 768 F.2d 879, 884 (7th Cir.1985); *Burroughs v. Hills,* 741 F.2d 1525, 1533 (7th Cir.1984); and *Badillo v. Central Steel and Wire Company,* 717 F.2d 1160, 1165 (7th Cir.1983).

28 U.S.C. § 1920 enumerates the costs which may be recovered:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

* * * * * *

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In *State of Illinois v. Sangamo Construction Company*, 657 F.2d 855 (7th Cir. 1981), the court discussed the allowance of costs and stated:

Rule 54(d) of the Federal Rules of Civil Procedure grants the district court, in the absence of other statutory authority, discretionary authority to award costs to the prevailing party. But not all expenses incurred by a party in connection with a lawsuit constitute recoverable costs. Indeed, major expenses such as attorneys' fees, investigatory services, and most travel and subsistence expenses generally are not recoverable "costs." Courts are to award, except in limited exceptional situations, only those expenses specifically recognized by statute. (Footnotes and citations omitted) 657 F.2d at 864.

■ One issue must be addressed before determining the amount of costs to be awarded to Homelite. Prior to trial, Homelite made an offer of judgment pursuant to Rule 68, and the plaintiffs rejected that offer. Homelite now contends that since the judgment "is not more favorable than the offer" made to the plaintiffs, its Rule 68 offer affects the award of costs in this case. *Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) disposed of this question. In *Delta Airlines*, the defendant made a nominal offer of judgment to the plaintiff prior to trial. The plaintiff rejected the offer, but the defendant prevailed at trial. The Supreme Court held that Rule 68 did not apply since the defendant, and not the plaintiff, recovered the judgment:

In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.

450 U.S. at 352; 101 S.Ct. at 1150; 67 L.Ed.2d at 292.

Therefore, Homelite's offer of judgment was meaningless for purposes of assessing costs.

### Deposition Expenses

■ The plaintiffs object to the taxation of deposition costs in the amount of $2,387.15 and correctly point out that six of the witnesses who were deposed did not testify at trial. Under § 1920(2), a party may recover the court reporter expenses incurred during a deposition if the deposition was reasonably necessary for the preparation of the case. In *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir.1985) the court held that a party may recover deposition expenses as costs even if the deposition was not used at trial:

[T]he generally accepted view, and the one adopted by this circuit, is that introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition.

758 F.2d at 1243.

*See generally Wahl v. Carrier Manufacturing Company, Inc.*, 511 F.2d 209, 217 (7th Cir.1975); *McHenry v. Joseph T. Ryerson Company*, 104 F.R.D. 478, 481 (N.D. Ind.1985); *Zdunek v. Washington Metropolitan Area Transit Authority*, 100 F.R. D. 689, 694 (D.C.1983); and *Cross v. General Motors Corporation*, 563 F.Supp. 368, 370 (E.D.Missouri 1982).

After having observed the trial, the trial court is in the best position to determine

whether the depositions were reasonably necessary for both the pretrial preparation and the trial itself. The instant case involved the design and manufacture of the hand controls of a self-propelled lawn mower. The plaintiff's left hand was seriously injured, and if he would have prevailed at trial, the jury undoubtedly would have awarded a substantial monetary verdict. Therefore, both parties were required to invest a substantial amount of time and effort in the preparation of this case. Additionally, both attorneys were extremely well prepared for trial and used a number of the depositions for evidentiary or impeachment purposes. Given the nature and complexity of the case, the number of depositions taken clearly was not excessive. Therefore, the deposition costs in the amount of $2,387.15 are allowed.

### Daily Transcript Expense

■ The defendant's attorney ordered a daily copy of the plaintiffs' opening statement and portions of the testimony of six witnesses. The court reporter's bill for the daily transcript was $2,283.00. It is within the discretion of the trial court to tax costs for a daily transcript. *Farmer v. Arabian American Oil Company*, 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248, 253–54 (1964); *Wahl*, 511 F.2d at 217; *United States v. Procario*, 361 F.2d 683, 685 (2nd Cir.1966); *Syracuse Broadcasting Corporation v. Newhouse*, 319 F.2d 683, 690 (2nd Cir.1963); and *Federal Savings and Loan Insurance Corporation v. Szarabajka*, 330 F.Supp. 1202, 1209 (N.D.Ill. 1971).

Although the trial involved some complex issues, as previously noted all of the witnesses were deposed prior to trial. Additionally, the trial attorney hired by Homelite's insurance company was assisted during the trial by one of Homelite's corporate counsel. Therefore, Homelite has failed to demonstrate that a daily transcript was reasonably necessary for the presentation of the case. The request for costs in the amount of $2,283.00 is disallowed.

### Video Deposition Expenses

■ Prior to trial, Homelite obtained leave of court to take a video deposition of Paul Kurzja (hereafter Kurzja) re-enacting the events leading to the accident. *Roberts v. Homelite Division of Textron, Inc.*, 109 F.R.D. 664 (N.D.Ind.1986). In its motion, Homelite specifically agreed to pay the added cost of the video-taped deposition, and the taking of the deposition was conditioned upon the defendant paying those costs. 109 F.R.D. at 668. Kurzja testified at trial. The lawn mower and the workbench which was being used by Roberts at the time of the accident were admitted into evidence. During his testimony, Kurzja placed the lawn mower on the workbench and demonstrated what had occurred for the jury. After Kurzja testified, Roberts offered the video-taped deposition into evidence. Based upon the objections of Homelite, the video tape was excluded from evidence. Under all of the circumstances, the bill of costs in the amount of $1,325.00 should be disallowed.

### Deposition Fee of David Sassaman

■ Homelite has requested reimbursement in the amount of $495.00 for a deposition taken by the plaintiffs of one of the defendant's expert witnesses, David Sassaman. Homelite has alleged that it paid for the expenses incurred when it deposed the plaintiffs' expert witnesses prior to trial and that reimbursement is appropriate for the deposition of Sassaman. However, Homelite concedes that a bill of costs may not be the appropriate means of obtaining reimbursement. (Bill of Costs, p. 11)

Section 1920(3) permits the assessment of witness fees as costs. However, 28 U.S.C. § 1821(b) sets the witness fee as $30 per day. In *Crawford Fitting Company v. J.T. Gibbons, Inc.*, — U.S. —, —, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385, 391 (1987), the Supreme Court specifically held that "a federal court may tax expert witness fees in excess of the $30–per-day limit set out in § 1821 only when the witness is court-appointed." *See also Sangamo Construction Company*, 657 F.2d at 865; *McHenry*, 104 F.R.D. at 480; and *Zdunek*, 100 F.R.D.

at 693. The expense of the Sassaman deposition is a discovery dispute which should have been resolved prior to trial and not an appropriate item to be assessed as costs. Therefore, the claim for the Sassaman deposition in the amount of $495.00 is disallowed.

### Fees of Process Server

 Homelite also seeks reimbursement for the costs of a private process server. The Bill of Costs submitted by Homelite lists these fees as $527.00. However, Homelite also included additional process fees in the amount of $159.60 under its list of deposition expenses. So the total amount sought for process fees is $686.60.

Section 1920(1) permits the court to tax as costs the expenses incurred for service of process by the U.S. Marshal. Since the enactment of § 1920(1), the method of serving civil summonses and subpoenaes has been changed. The U.S. Marshal no longer has that responsibility in most cases, and a party must employ a private process server. *See generally* Federal Rules of Civil Procedure 4(c) and 45(c) and Northern District of Indiana Local Rule 7(g). Only two reported cases have dealt with this issue. In *Zdunek*, 100 F.R.D. at 692, the fees for the private process server were denied. However, in *Cross*, 563 F.Supp. at 370, the fees were allowed. Due to the substitution of private process servers for the U.S. Marshal Service in recent years, it is appropriate to allow private process fees as costs. Therefore, Homelite's claim for private process server fees in the amount of $686.60 is allowed.

### Witness Fee of Galante

 Finally, Homelite has listed the witness fee for Dr. Gloria Galante in the amount of $85.20 as a cost. The plaintiffs have objected to this fee since Galante was not called as a witness. In *Spanish Action Committee of Chicago v. City of Chicago*, 811 F.2d 1129 (7th Cir.1987), the court stated:

> The district court erred in concluding that physical presence in the courtroom is necessary to recovering witness fees. Fees paid to a witness who was subpoenaed but did not actually attend the trial may be allowed as costs "when it was reasonably expected that his attendance would be necessary and he had held himself in readiness to attend." 6 *Moore's Federal Practice* ¶ 54.77[5.–1], at 54–437. (Footnote omitted)

811 F.2d at 1138.

Therefore, the witness fee for Galante in the amount of $85.20 is allowed.

### Order

Homelite has requested that costs in the amount of $8,485.25 be taxed against the plaintiffs. The plaintiffs have raised appropriate objections to the proposed costs in a total amount of $4,103.00. Therefore, the Clerk is ORDERED to tax costs in favor of the defendant, Homelite Division of Textron, Inc., in the amount of $4,382.25.