JARRELL ET AL., APPELLANTS, *v.* WOODLAND MANUFACTURING COMPANY, APPELLEE.

(No. 81AP-562—Decided September 2, 1982.)

*Mr. Gordon K. Bolon, Ms. Janet Williamson* and *Mr. Dwight A. Teegardin,* for appellants.

*Messrs. Lane, Alton & Horst, Mr. Jeffrey W. Hutson* and *Mr. Gregory D. Rankin,* for appellee.

MOYER, J. This matter is before us on plaintiffs-appellants' appeal from a judgment of the Court of Common Pleas of Franklin County overruling plaintiffs' motion for a new trial.

On August 3, 1977, plaintiff John Jarrell ("plaintiff") was employed by the Ohio Malleable Company as a flask repairman. His job included repairing large containers (flasks) that were used to form metal products. He was also required to take broken and disabled flasks to a storage area in a work yard known as the "hill," which was approximately ninety yards from the foundry where the flasks were used. To reach the hill, plaintiff had to cross a railroad track and a service road that ran parallel approximately midway between the hill and the foundry from which the flasks were taken. On the day of the incident giving rise to this case, plaintiff and a co-worker, Tom Orr, were returning from the hill where they had repaired some flasks. As they crossed the service road which was used to haul scrap metal into the foundry yard and haul out sand, bricks and other disposable materials, they observed a tractor-trailer dump truck filled with sand and other debris parked on the service road, with the front end of the truck facing toward the exit gate leading to the public roadway that adjoined the property. As they proceeded toward the foundry, they crossed the railroad track, which was about one and one-half truck lengths from the service road. As they crossed the railroad tracks, some of the boxes on a two-wheeled handcart they were using came loose and fell off. Plaintiff's co-worker stopped to pick up the boxes and to rearrange them on the cart. Both plaintiff and the co-worker had their backs to the truck. Plaintiff's hearing was impaired by earplugs he was required to wear by his employer.

At that time, defendant's employee backed his dump truck off the service road at a right angle in a southerly direction down an incline and into plaintiff and his co-worker, knocking them several feet onto the ground. The accident caused plaintiff injuries that were the subject of considerable evidence at trial.

It appears to be undisputed that the driver of the truck stopped after hitting plaintiff because he heard and saw another worker about fifty yards behind the truck, who observed the truck approaching plaintiff and his co-worker, shouting and waving his hands. Defendant's driver testified that his truck was not equipped with an audible back-up signal or flashing lights and that he did not blow his horn as he backed down the incline toward the railroad track. Nor did he get out of his truck to view the entire area behind him before he started backing.

Plaintiffs assert the following seven assignments of error in support of their appeal:

"I. The trial court committed prejudicial error in failing to grant plaintiffs a directed verdict on the issue of liability, based upon the state of the evidence at the close of all the evidence, since the defendant truck driver admitted his negligence and there was no evidence of contributory negligence on the part of the plaintiff.

"II. The court erred in charging the jury on the issue of the negligence of the

defendant, when the defendant had, in fact, admitted negligence.

"III. The court erred in charging over the objection of the plaintiff on the issue of contributory negligence, that if the plaintiff failed to see that which he should have seen by the exercise of ordinary care, or hear that which was clearly audible, would warrant a conclusion of negligence on the part of plaintiff.

"IV. The court erred in instructing the jury that the fact that the defendant's truck backed into the plaintiff raises no presumption of negligence on the part of the defendant.

"V. The court erred in allowing into evidence over plaintiffs' objection testimony relative to the plaintiff receiving Workmen's Compensation, the amount of compensation, and the benefits of medical payments through Workmen's Compensation and charging the jury that they could consider payment of Workmen's Compensation benefits in regard to the probable motivation, or lack of motivation, of the plaintiff seeking employment.

"VI. The court erred in submitting over the objection of the plaintiff interrogatories to the jury which require the jury to consider the negligence of the plaintiff prior to the consideration of the negligence of the defendant.

"VII. The court erred in allowing defendant's private investigator to narrate a surveillance film of plaintiff's activities (giving his opinion as to what the plaintiff was doing) when the film itself was the best evidence."

Assignments of Error Nos. I, II and IV are interrelated and are considered together. All three assignments of error are sustained. Our review of the record causes us to conclude that defendant was negligent as a matter of law. Defendant testified that his forty-foot trailer was loaded with debris as he backed his truck and trailer off a service road into the yard toward the foundry, because the yard had scrap and rubbish congesting it on the

other side of the service road. Before backing, he looked out the left side of his tractor and saw no one behind him. As the tractor and trailer straightened out after he left the service road and began down the incline toward the railroad track, the driver looked into both of his rearview mirrors. He admitted that he had no flashing lights or audible back-up signal, that he did not blow his horn and that he had a blind spot behind the trailer which is an area of danger. Plaintiff testified that, when he and his co-worker walked past the truck, it was on the service road and was stationary with the engine running.

The driver testified that before he began backing he looked to his left side and could not see anyone and that, as he backed down the hill toward the railroad track where plaintiff and his co-worker were stopped, he could see no one by looking at rearview mirrors on the left and right side of his cab. The evidence appears to be undisputed that plaintiff did not walk into the path of the truck as it was backing down the hill but, rather, was struck after he had proceeded past the stopped truck before it began to make its turnaround. Bacause we believe the statutory test for negligence in this case is found in R.C. 4511.201, we will not discuss the extensive arguments of counsel regarding the application to this case of R.C. 4511.38 and the cases interpreting that statute. R.C. 4511.201 provides as follows:

"No person shall operate a vehicle, trackless trolley, or streetcar on any public or private property other than streets or highways, without due regard for the safety of persons or property. * * *"

The conduct of defendant's driver constitutes negligence as a matter of law because the driver operated his vehicle without due regard for the safety of plaintiff and his co-worker. Where the driver of a tractor-trailer admits there is a dangerous blind spot behind his trailer and he backs off a service road into a

work yard without knowing whether anyone is behind him, and his trailer is not equipped with an audible back-up signal or flashing lights, and the driver makes no other effort to warn any persons who may be in his path that he is backing, said driver is negligent if he strikes a person or persons by backing his trailer into them. For these reasons and because of our disposition of the third and sixth assignments of error, the first, second and fourth assignments of error are sustained.

The third and sixth assignments of error both raise arguments regarding the issue of plaintiff's contributory negligence. While both assignments of error are well-taken, they are nonprejudicial to plaintiffs because of our disposition of the first, second and fourth assignments of error. Our review of the record indicates that there is virtually no evidence to indicate that plaintiff was negligent. His testimony indicated that he was engaged in normal duties of his job, and that neither he nor his co-worker had ever seen a truck turn around in the area of the yard in which he was struck, although defendant testified he had made the same turnaround three times previously that day as well as other days. When he passed the truck on his return to the foundry from the hill, the truck was standing on the service road and he was looking toward the foundry, engaged in rearranging material and tools on his cart when he was struck. Plaintiff was wearing earplugs as required by his employer.

With respect to the question of the chronological order of the interrogatories submitted to the jury directed to the negligence of plaintiff and defendant, the trial court does have discretion in determining the manner in which such interrogatories will be submitted to the jury. Civ. R. 49(B). But, because the question of plaintiff's negligence does not arise unless defendant is negligent, *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657 [33 O.O. 154], the jury should have been requested to answer the interrogatories with respect to defendant's negligence prior to answering interrogatories with respect to plaintiff's negligence. However, any error on the part of the trial court is not prejudicial because of our disposition of the other assignments of error.

For the foregoing reasons, the third and sixth assignments of error are overruled.

In support of his fifth assignment of error, the plaintiff argues that the collateral source rule should have been applied by the trial court to exclude from admission into evidence testimony regarding plaintiff's receipt of workers' compensation benefits for the injury that is the subject of this appeal. Under the collateral source rule, benefits received by an injured party from a source wholly independent of the wrongdoer are not deductible from the amount of damages he might otherwise recover from the wrongdoer. Proof of an injured party's receipt of such benefits is generally regarded as inadmissible because of the influence it could have upon the jury in determining the insured party's recoverable damages. Evidence that plaintiff herein received workers' compensation benefits was offered purportedly not for the purpose of offsetting damages but, rather, for the purpose of proving that plaintiff had a diminished incentive to work and a motive to malinger. While some states have permitted the admission of some evidence where there is independent evidence to show an injured party's inclination to malinger, the Ohio Supreme Court has adopted a strict exclusionary rule in the case of *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104 [52 O.O.2d 395]. The fourth paragraph of the syllabus provides as follows:

"Where, on direct examination of a plaintiff in a negligence action, plaintiff testifies that during the period of disability when she was unable to work due to the wrongdoer's act, she 'lost' wages in a

specified amount, the admission, on cross-examination and over objection, of evidence that during such period she received diminished wages in an unspecified amount from her employer, for the purpose of affecting her credibility, either by impeachment of her testimony that wages were 'lost' or by affecting the weight of her testimony by presenting a motivation, other than injury, for not working, constitutes prejudicial error.''

In *Pryor,* the court held that the trial court erred to the prejudice of plaintiff by permitting plaintiff to be cross-examined regarding her receipt of collateral benefits because: ''* * * [t]he receipt of collateral benefits by the plaintiff was irrelevant on the issue of damages. Cross-examination upon matters irrelevant to the issue for the purpose of discrediting a witness's testimony rests within the sound discretion of the trial court. * * * [Citations omitted.]'' *Pryor,* at 115.

As in *Pryor,* ''* * * [t]he injury claimed by * * * [plaintiff] was such that acceptance by the jury of * * * [his] testimony as to subjective symptoms was extremely critical to * * * [his] case.'' *Pryor,* at 116.

While defendant's arguments contra the rule of *Pryor* are persuasive, we are bound by the *Pryor* holding and we conclude that the trial court erred by permitting the admission into evidence of testimony regarding plaintiff's receipt of workers' compensation benefits, even for the limited purpose stated by counsel. The fifth assignment of error is sustained.

In support of their seventh assignment of error, plaintiffs assert that a private investigator hired by defendant should not have been permitted to state his conclusions to the jury regarding a film of his investigative work that was shown to the jury. The investigator was not qualified as an expert or a person with special knowledge to give an opinion regarding plaintiff's activities in the film. From the investigator's narration, it appears that plaintiff was pushing and/or pulling a car, a conclusion that jurors could easily make for themselves by viewing the film.

While it was error for the trial court to permit the investigator to state his conclusions while the film was being shown to the jury, there has been no showing in what way the investigator's conclusions prejudiced the jury. His statement that plaintiff was pushing or pulling an automobile was subject to the jurors' viewing of the same film and ability to draw their own conclusions. The error therefore is not prejudicial, and the seventh assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed*
*and cause remanded.*

Reilly and McCormac, JJ., concur.