[Cite as *Sloan v. Vingle*, 2013-Ohio-4754.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARY J. SLOAN, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2012-T-0068** |
| CONSTANCE A. VINGLE, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 10 CV 2402.

Judgment: Affirmed.

*Irene K. Makridis*, 183 West Market Street, #201, Warren, OH 44481 (For Plaintiffs-Appellants).

*William J. Meola*, Davis & Young, L.P.A., 972 Youngstown-Kingsville Road, P.O. Box 740, Vienna, OH 44473 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Mary J. and William Sloan, appeal the judgment of the Trumbull County Court of Common Pleas, entering judgment in favor of defendant-appellee, Constance A. Vingle, following a jury trial on claims of negligence. The issue before this court is whether, when the alleged tortfeasor fails to see and subsequently collides with the plaintiff's vehicle, an instruction on comparative negligence is warranted and whether, under these circumstances, the plaintiff is entitled to judgment

and/or a new trial notwithstanding the jury's verdict that the alleged tortfeasor was not negligent.  For the following reasons, we affirm the judgment of the court below.

**{¶2}** On September 10, 2010, the Sloans filed a Complaint against Vingle and other defendants[1], based on Vingle's "negligence and carelessness" in the operation of a motor vehicle.

**{¶3}** The Sloans' claims were tried before a jury on June 11 and 13, 2012.  The following testimony was given at trial:

**{¶4}** Chief Thomas Andrews of the Cortland Police Department testified that, on July 31, 2008, at 9:00 a.m., he responded to an accident on North High Street (State Route 5), in the City of Cortland.  Chief Andrews described North High Street as a two-lane road with a speed limit of 35 m.p.h.  Chief Andrews found Mary Jeannine Sloan in the driveway at 339 High Street, the west side of High Street, with a Pontiac Grand Prix having damage behind the driver's side rear wheel.  Constance Vingle was in the driveway at 342 North High Street, the east side of High Street, with a Mercury Milan having damage behind the passenger's side rear wheel.  Chief Andrews described both vehicles as having "minor damage" behind the rear tires.

**{¶5}** Sloan testified that, on the morning of July 31, 2008, she was travelling northbound on North High Street when she turned left (west) into a driveway to turn her vehicle around and continue southbound.

**{¶6}** I was going north * * * and I forgot that I had to stop at the bank so I pulled in a driveway.  I looked in my rearview mirror and I did see a car directly across from me starting to back up a little bit so I

---

1. The other defendants were Grange Mutual Casualty Company, CAB East, LLC, and Allstate Insurance Company.  Grange and CAB East were dismissed with prejudice on January 13, 2011.  Allstate was dismissed pursuant to Civil Rule 41(A) on July 13, 2011.

waited. I turned my head. I waited. That individual did not pull out so I proceeded to back out onto the road. I proceeded to go forward. I was in drive and I started going forward and then all of a sudden, out of nowhere it just slammed, someone just slammed into my car. It was totally unexpected. I didn't expect her to come out. I thought she would have seen me going already. And that's basically what happened.

{¶7} Sloan further testified that she had backed out, put her vehicle in drive, and "was moving forward" when Vingle "sideswiped" her. In prior deposition testimony, Sloan stated that the impact occurred "when I started going forward."

{¶8} Vingle testified that, on the morning of July 31, 2008, she was travelling "away from Cortland" (northbound) on North High Street when she turned right (east) into a driveway to turn her vehicle around due to road construction. Vingle pulled in "just far enough to get off the roadway" and brought her vehicle to a stop. She "checked in [her] rearview mirror and [she] looked left and right, did not see any traffic, and pulled out." Vingle was moving "backwards" when she collided with Sloan. Vingle did not notice Sloan's vehicle until impact, and testified that "she must have been in my blind spot." Following the collision, both Vingle and Sloan pulled back into the driveways from which they had exited.

{¶9} Following the close of the testimony, counsel for the Sloans moved for a directed verdict on the issue of comparative negligence, which the trial court denied.

{¶10} The jury returned a verdict in favor of Vingle. As part of the verdict, the jury returned Interrogatory No. 1, which asked "Was defendant Constance A. Vingle negligent?" The jury checked, "no."

3

**{¶11}** On June 28, 2012, the Sloans filed a Motion to Extend Time to File Motion Notwithstanding the Verdict & Motion for New Trial. In this Motion, the Sloans requested an extension of time to obtain a transcript in support of a motion for judgment notwithstanding the verdict and motion for a new trial. "The primary argument for Plaintiffs' motion for new trial is that there was no testimony to support the jury's finding that Plaintiff Mary J. Sloan was negligent in the collision of July 31, 2008, that is the subject of this tort case. * * * Since this transcript is not ready, in the interest of justice, Plaintiffs should be granted leave to allow the court reporter to complete the requested transcript that is essential to show the absence of proof of any negligence on which the jury could have based its finding that Plaintiff was negligent for this accident and is thus completely barred from recovery."

**{¶12}** On July 19, 2012, the trial court denied the Sloans' "motions for an extension of time, and for a new trial or judgment not withstanding the verdict."

**{¶13}** On August 14, 2012, the Sloans filed their Notice of Appeal.

**{¶14}** On appeal, the Sloans raise the following assignments of error:

**{¶15}** "[1.] The trial court erred to the prejudice of the appellants by overruling their motion for directed verdict on comparative negligence as there was no evidence whatsoever of any negligence by appellants."

**{¶16}** "[2.] The trial court erred to the prejudice of the appellants by instructing the jury on comparative negligence as there was no evidence whatsoever of any negligence by appellants."

**{¶17}** "[3.] The trial court erred to the prejudice of the appellants by entering judgment for appellee when the verdict of the jury is against the manifest weight of the evidence."

4

**{¶18}** "[4.] The trial court erred to the prejudice of the appellants by denying their motion for judgment notwithstanding the verdict or in [the] alternative a new trial since there was no evidence whatsoever of any negligence by appellants."

**{¶19}** In the first assignment of error, the Sloans argue the trial court erred by denying the motion for a directed verdict on the issue of comparative negligence. The Sloans' argument fails for several reasons.

**{¶20}** A trial court's decision to grant a motion for directed verdict is reviewed under a de novo standard. *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 22; *O'Day v. Webb*, 29 Ohio St.2d 215, 280 N.E.2d 896 (1972), paragraph three of the syllabus ("[a] motion for directed verdict or a motion for judgment notwithstanding the verdict does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence").

**{¶21}** Initially, any potential error regarding the issue of comparative negligence is moot since the jury did not find Vingle negligent. Jury Interrogatories Nos. 3, 4, and 5 addressed the question of whether Sloan was negligent and, if so, whether her negligence was a proximate cause of the accident and, if so, what percentage of the accident was attributable to Sloan's negligence. The jury answered none of these interrogatories, since it was properly instructed not to answer them if it did not find Vingle negligent. *Jarrell v. Woodland Mfg. Co.*, 7 Ohio App.3d 320, 455 N.E.2d 1015 (10th Dist.1982), paragraph two of the syllabus ("[w]here the question of plaintiff's negligence does not arise unless defendant is negligent, the jury should be requested to answer the interrogatories submitted to it with respect to defendant's negligence prior to answering interrogatories with respect to plaintiff's negligence"). Since the jury never

5

made any determination regarding Sloan's comparative negligence, any assignments of error regarding this issue are moot.

{¶22} Next, the Sloans argue that Mary Sloan could not be found negligent since "Vingle's unlawful backing was clearly the sole cause of the accident." The Sloans' argument rests on R.C. 4511.38(A), which imposes a duty, "while backing [to] exercise vigilance not to injure person or property," and R.C. 4511.44(A), which imposes a duty on "[t]he operator of a vehicle * * * about to enter or cross a highway from any place other than another roadway [to] yield the right of way to all traffic approaching on the roadway to be entered or crossed." The Sloans maintain that Vingle violated these statutes and, as a matter of law, was the sole cause of the accident.

{¶23} The Sloans are raising this argument for the first time on appeal. The basis of their motion for a directed verdict was Mary Sloan's, not Vingle's, negligence. Civ.R. 50(A)(3) ("[a] motion for a directed verdict shall state the specific grounds therefor"). At trial, counsel for the Sloans addressed the court as follows:

> I'd like to move for a directed verdict on the issue of comparative negligence. There was no evidence that has been introduced in this case from that witness stand regarding what allegedly Mrs. Sloan did wrong, if anything. There's no theories and arguments made by counsel. There is no evidence, no witnesses, no testimony to proceed on that claim.

The Sloans did not ask the trial court for a directed verdict as to Vingle's negligence, and so it is improper for them to do so for the first time on appeal. *Goldberg v. Indus. Comm. of Ohio*, 131 Ohio St. 399, 3 N.E.2d 364 (1936), paragraph four of the syllabus ("[o]rdinarily reviewing courts do not consider questions not presented to the court

6

whose judgment is sought to be reversed"); *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1997), paragraph one of the syllabus ("[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court").

{¶24} Finally, if the Sloans' argument were properly before this court, the evidence, construed most strongly in Vingle's favor according to Civil Rule 50(A)(4), does not establish Vingle's negligence as a matter of law. The Sloans' argument rests on Mary Sloan having the "right-of-way" on North High Street at the time of impact. *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 116 N.E.2d 300 (1953), paragraph one of the syllabus ("[t]he mere happening of an accident gives rise to no presumption of negligence"). "Right-of-way" is defined as "[t]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its or the individual's path." R.C. 4511.01(UU)(1).

{¶25} In the present case, the evidence demonstrates that both parties were backing out of driveways into a roadway at the same time. Mary Sloan testified that she saw Vingle start to back up and then stop. Sloan then backed her vehicle into the roadway, without realizing that Vingle continued or had resumed backing up. Sloan testified that she was moving or had just started to move forward at the time of impact. These circumstances do not, as the Sloans maintain, establish Mary Sloan's right-of-way as a matter of law. A jury could reasonably conclude that Sloan was not "approaching on the roadway" that Vingle was entering, but was in the process of entering the same roadway more or less simultaneously with Vingle. The fact that

7

Sloan anticipated Vingle's entrance into the roadway by a few seconds does not automatically entitle her to preferential or right-of-way status with respect to Vingle.

{¶26} The first assignment of error is without merit.

{¶27} In the second assignment of error, the Sloans argue the trial court erred by instructing the jury on comparative negligence. Vingle argues that, since the Sloans failed to object to a jury instruction on comparative negligence, they have waived all but plain error. Civ.R. 51(A) ("[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection"); *State v. Jones*, 91 Ohio St.3d 335, 348, 744 N.E.2d 1163 (2001). The Sloans argue the issue is duly preserved by virtue of moving for a directed verdict on the issue of comparative negligence. *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 61, 567 N.E.2d 1291 (1991) ("[w]here the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, that party does not waive his objection to the court's charge by failing to make a formal objection to the charge as actually given by the trial court").

{¶28} We need not decide whether the issue has been properly preserved. As discussed in the first assignment of error, the jury made no determination regarding the existence of comparative negligence, thus rendering moot any arguments based on this purported error.

{¶29} The second assignment of error is without merit.

{¶30} In the third assignment of error, the Sloans argue the jury's verdict is against the manifest weight of the evidence, inasmuch as Vingle's negligence was proven "under the facts in evidence and under the law."

{¶31} When reviewing the weight of the evidence, the reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Citation omitted.) *Eastley v. Volkman*, 132 Ohio St. 3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶32} We have considered the sufficiency of the evidence supporting the jury's verdict under the first assignment of error. Here, we consider whether the greater amount of credible evidence supports the jury's verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). There are two further considerations that support the jury's verdict. The first is that both vehicles were moved after impact, making it impossible to determine their precise locations at the point of impact. In the absence of this information, a jury's reluctance to impute negligence to one or the other driver is not unfounded. Second, Mary Sloan testified that, as a result of the collision, her rear fender was pushed into her tire: "I actually had to pull the fender away from the tire to drive it home." This suggests that the vehicles collided at an oblique angle rather than perpendicularly as would be expected if Sloan had already begun moving forward. We note that neither driver was aware of the other at the moment of impact. Given

these uncertainties regarding the details of the collision, the jury's verdict does not stand as a manifest miscarriage of justice.

{¶33} The third assignment of error is without merit.

{¶34} In the fourth and final assignment of error, the Sloans contend the trial court erred in denying the motion for judgment notwithstanding the verdict or a new trial. The Sloans rely on the argument raised in the prior assignments of error, i.e., that there was no evidence of contributory negligence on Mary Sloan's part and the finding that Vingle was not negligent is unsupported by the weight of the evidence.

{¶35} "The standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A)." *Texler v. D.O. Summers Cleaners & Shirt Laundry, Co.*, 81 Ohio St.3d 677, 679, 693 N.E.2d 271 (1998).

{¶36} We have considered the merits of the Sloans' arguments in the prior assignments of error.

{¶37} The fourth assignment of error is without merit.

{¶38} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas in favor of Vingle is affirmed. Costs to be taxed against the appellants.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

10